CSD 1251 [05/10/00]

FILED
08 MAR 12 PM 2:28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
March 10, 2008
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

'08 CV 463 J BLM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>Adolfo Barrientos<br>Enriquetta Barrientos | BANKRUPTCY NO. 06-1685-PB7 |
| Adolfo & Enriquetta Barrientos (Appellants) | 07-90221 |
| v.<br>Wells Fargo Bank, NA (Appellee) | BK APPEAL NO. 1<br>ASSIGNED TO JUDGE Peter W. Bowie |

**NOTICE OF REFERRAL OF APPEAL TO UNITED STATES DISTRICT COURT COMBINED WITH SERVICE OF NOTICE OF APPEAL**

TO: Michael G. Doan, Esq., 2850 Pio Pico Drive #D, Carlsbad, CA 92009,
John Sorich, Adorno, et al, 1 MacArthur Place, #210, Santa Ana, CA 92707
United States Trustee, Dept. of Justice, 402 W. Broadway, Ste. 600, San Diego, CA 92101

NOTICE IS HEREBY GIVEN that a Notice of Appeal has been filed by Adolfo & Enriquetta Barrientos with the Clerk of the Bankruptcy Court. By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this district, the above appeal has been referred to the United States District Court for the Southern District of California.

For further information, you may contact the Clerk of the United States District Court at 880 Front Street, Suite 4290, San Diego, California 92101 or by calling (619) 557-5600.

I hereby certify that on this date copies of the Notice of Appeal and the within Notice of Referral were mailed to the above-named person(s).

DATED: March 10, 2008

Barry K. Lander, Clerk

By: *Kurt Herbold*, Deputy Clerk
Kurt Herbold

Michael G. Doan #175649
Doan Law Firm, LLP
2850 Pio Pico Dr, Ste. D1
Carlsbad, California 92008
(760)732-1490 Fax(760)732-1491

Attorney for Debtors, Adolfo & Enriquetta Barrientos

UNITED STATES BANKRUPTCY COURT

SOUTHERN CALIFORNIA OF SOUTHERN DISTRICT

| | |
|---|---|
| In re Adolfo & Enriquetta Barrientos,<br><br>Debtors.<br>___<br>Adolfo & Enriquetta Barrientos,<br><br>Plaintiffs<br><br>vs.<br>___<br>Wells Fargo Bank, NA and Does 1 through 10 Inclusive.<br>___ | **NOTICE OF APPEAL TO THE DISTRICT COURT**<br><br>Case No. 06-01685-PB<br><br>AP No. 07-90221<br><br>Chapter Seven (7) |

Adolfo & Enriquetta Barrientos ("APPELLANTS") hereby appeal, under 28 USC 158(a), from the order and decree of the bankruptcy judge on the Defendants Motion To Dismiss which was filed by the bankruptcy court in this Adversary Proceeding on February 29, 2008 and entered by the Court on February 29, 2008. A copy of the order is attached to this notice.

The names of the parties to the order and decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Party: | Counsel: |
| --- | --- |
| Adolfo Barrientos<br>Enriquetta Barrientos | Michael G. Doan, Esq.<br>2850 Pio Pico Drive #D<br>Calrsbad, CA 92009<br>(760) 450-3333 |
| Wells Fargo Bank, NA | John Sorich<br>Adorno, et al<br>1 MacArthur Place, #210<br>Santa Ana, CA 92707<br>714-852-6800 |

Appellants submit a separate written statement of election to have the appeal heard by the district court with this notice of appeal. See Bankruptcy Rule 8001(e).

DATED: March 4, 2008

Respectfully Submitted,

Doan Law Firm, LLP

/s ecf Michael G. Doan

MICHAEL G. DOAN
Attorney for Plantiffs/Appellants

CSD 3000C [11/15/04]

Name, Address, Telephone No. & I.D. No.
Michael G. Doan, SBN 175649
The Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
mike@doanlaw.com

ENTERED 2/29/08

FILED

FEB 29 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY 129 DEPUTY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

LODGED

| | |
|---|---|
| In Re<br>Adolfo & Enriquetta Barrientos<br>Debtor. | BANKRUPTCY NO. 06-01685-PB7 |
| Adolfo & Enriquetta Barrientos<br>Plaintiff(s) | ADVERSARY NO. 07-90221 |
| v.<br>Wells Fargo Bank NA and Does 1 through 10 inclusive<br>Defendants(s) | Date of Hearing: 11/26/07<br>Time of Hearing: 10:30 AM<br>Name of Judge: Bowie |

**ORDER ON**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through 2 with exhibits, if any, for a total of 2 pages, is granted. Notice of Lodgment Docket Entry No. 20

//

//

//

//

DATED: FEB 29 2008

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

The Doan Law Firm
(Firm name)

By: /s ecf Michael Doan
Attorney for ☐ Movant ☒ Respondent

UPON THE MOTION OF DEFENDANT TO DISMISS PURSUANT TO FRBP 12 FOR FAILURE TO STATE A CLAIM.

***Appearances:***

Ken Andrews, ATTORNEY for Adolfo & Enriquetta Barrientos

Rocio Herrera, ATTORNEY for Wells Fargo Bank, NA

***Disposition:***

The motion is GRANTED.

CSD 3010 [04/28/96]

Name, Address, Telephone No. & I.D. No.
Michael G. Doan, #175649
DOAN, LEVINSON, & LILJEGREN, LLP
2850 Pio Pico Drive #D
Carlsbad, CA 92008
(760) 450-3333
FAX (760) 720-6082
mike@dllfirm.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>Adolfo & Maria Barrientos<br>Debtor. | BANKRUPTCY NO. 06-01685-PB |
| Adolfo & Maria Barrientos<br>Plaintiff(s) | ADVERSARY NO. 07-90221 |
| v.<br>Wells Fargo Bank National Association<br>Defendants(s) | |

**PROOF OF SERVICE**

I ,Ruben Maldonado, declare that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that I served a copy of the following documents [describe each document served]:

**Notice of Appeal, Notice of Election To Have Appeal Heard in District Court**

on March 4, 2008 by:
[date]

[X] Mail Service - Regular, first class United States mail, postage fully pre-paid, addressed to:

SEE ATTACHED SERVICE LIST

Under penalty of perjury, I declare that the foregoing is true and correct.

March 4, 2008 ___/s ecf Ruben Maldonado_________________
Ruben Maldonado

| | |
|---|---|
| Print Name | Ruben Maldonado |
| Business Address | 2850 Pio Pico Drive #D |
| City, State, ZIP | Carlsbad, CA 92008 |
| | |

CSD 3010 (Page 2) [04/28/96]

Christopher Yoo
Adorno et al
1 MacArthur Place, # 200
Santa Ana, CA 92707

**Jury Demand, Appeal, AwaitClo**

# U.S. Bankruptcy Court
# Southern District of California (San Diego)
# Adversary Proceeding #: 07-90221-PB
## Internal Use Only

| | |
|---|---|
| *Assigned to:* Chief Judge Peter W. Bowie<br>*Related BK Case:* 06-01685<br>*Related BK Title:* Adolfo Barrientos and Maria Enriquetta Barrientos<br>*Related BK Chapter:* 7<br>*Demand:* | *Date Filed:* 04/24/07 |

| | |
|---|---|
| *Nature[s] of Suit:* | 14 Recovery of money/property - other |
| | 72 Injunctive relief - other |
| | 91 Declaratory judgment |

**Plaintiffs**

-----------------------

| | | |
|---|---|---|
| **Maria Enriquetta Barrientos**<br><br>4754 Gardenia St.<br>Oceanside, CA 92057<br>SSN: 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 | represented by | **Michael G. Doan**<br>Doan, Levinson & Liljegren, LLP<br>Doan, Law and Professional Terrace<br>2850 Pio Pico Drive, Ste D<br>Carlsbad, CA 92008<br>(760) 450-3333<br>Fax : (760) 720-6082<br>Email: mike@debtwipeout.com<br>*LEAD ATTORNEY* |
| **Adolfo Barrientos**<br>4754 Gardenia St.<br>Oceanside, CA 92057 | represented by | **Michael G. Doan**<br>(See above for address) |

SSN: 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 *LEAD ATTORNEY*

V.

**Defendant**

-----------------------

**Wells Fargo Bank National Association, *And Does 1 Through 10 Inclusive***
c/o CSC Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA 95852

represented by **John M. Sorich**
Alvarado & Associates, LLP
1 Mac Arthur Place, Suite 210
Santa Ana, CA 92707
(714) 327-4400
Fax : (714) 327-4499
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/31/2008 | 18 | Order Dismissing Adversary Proceeding (related documents 16 Reply,, 15 Objection,, 13 Opposition) signed on 1/30/2008. (Schmitt, T.) (Entered: 01/31/2008) |
| 02/19/2008 | 19 | Notice of Lodgment of Order with Service filed by John M. Sorich of Alvarado & Associates, LLP on behalf of Wells Fargo Bank National Association. (Schmitt, T.) (Entered: 02/20/2008) |
| 02/22/2008 | 20 | Objection to Lodged Order with Service filed by Michael G. Doan of Doan, Levinson & Liljegren, LLP on behalf of Adolfo Barrientos, Maria Enriquetta Barrientos. (Attachments: # 1 Exhibit A# 2 Proof of Service) (Doan, Michael) (Entered: 02/22/2008) |
| 02/29/2008 | 21 | Order (related documents 20 Objection to Lodged Order) signed on 2/29/2008. (Schmitt, T.) (Entered: 02/29/2008) |

| | | |
|---|---|---|
| 02/29/2008 | 22 | Notice of Entry of Order (related documents 21 Order) (Schmitt, T.) (Entered: 02/29/2008) |
| 02/29/2008 | 23 | Not Approved Judgment of Dismissal (related documents 19 Notice of Lodgment of Order) signed on 2/29/2008. (Schmitt, T.) (Entered: 02/29/2008) |
| 03/04/2008 | 24 | Notice of Appeal. Fee Amount $ 255 filed by Michael G. Doan on behalf of Adolfo Barrientos, Maria Enriquetta Barrientos. Appeal Designation Due By: 3/14/2008. Statement of Issues Due By: 3/14/2008. Appellee Designation Due By: 3/24/2008. Record Transmission due by 4/18/2008, (Attachments: # 1 Schedule Order# 2 Proof of Service) (Doan, Michael) (Entered: 03/04/2008) |
| 03/04/2008 | 25 | Election for Appeal to be Heard by District Court.. filed by Michael G. Doan on behalf of Adolfo Barrientos, Maria Enriquetta Barrientos. (Attachments: # 1 Proof of Service) (Doan, Michael) (Entered: 03/04/2008) |
| 03/06/2008 | 26 | Receipt of Notice of Appeal(07-90221-PB) [appeal,97] ( 255.00) Filing Fee. Receipt number 3183865. Fee Amount 255.00 (U.S. Treasury) (Entered: 03/06/2008) |
| 03/10/2008 | 27 | Notice of Referral of Appeal to the United States District Court with service of Notice of Appeal. BK Appeal No: 1 (Attachments: # 1 Transmittal Memorandum) (related documents 24 Notice of Appeal, ) (Herbold, K.) (Entered: 03/10/2008) |

# WRITTEN DECISION - NOT FOR PUBLICATION

ENTERED 1/31/08
FILED
JAN 30 2008
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [initials] DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ADOLFO BARRIENTOS,<br>MARIA ENRIQUETTA BARRIENTOS,<br><br>Debtors.<br>_______________<br><br>ADOLFO BARRIENTOS,<br>MARIA ENRIQUETTA BARRIENTOS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants.<br>_______________ | Case No. 06-01685-B7<br>Adversary No. 07-90221<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

Defendant Wells Fargo Bank has moved to dismiss plaintiffs' First Amended Complaint for failure to state a claim for which relief could be granted.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312-D of the United States

District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

Discussion

Plaintiffs have sued Wells Fargo by adversary proceeding in this Court for violating the discharge injunction contained in 11 U.S.C. § 524. Plaintiffs set out a single cause of action, captioned "Violation of Discharge Injunction 11 USC 524". The sole question presented by the motion to dismiss is whether plaintiffs have some private right of action to sue for violation of the discharge injunction. The Ninth Circuit Court of Appeals has already answered that question in the negative.

In Walls v. Wells Fargo Bank, 276 F.3d 502 (9th Cir. 2002), the court was directly urged to find a private right of action under both § 524 and § 105. The court rejected those arguments. In discussing the question, the court noted:

> Walls argues that § 524 creates substantive rights in favor of the debtor; therefore § 105(a) should be available to enforce these rights and should not be limited only to authorizing a cause of action for contempt.

276 F.3d at 506. Walls invoked a First Circuit decision, Bessette, but the Ninth Circuit stated:

> We disagree that Bessette goes so far, but regardless, are persuaded that violations of that section may not independently be remedied through § 105 absent a contempt proceeding in the bankruptcy court.

///

Id. The Ninth Circuit's reading of Bessette was that in its decision:

> The First Circuit addressed only the § 105(a) issue. It states that § 105 does not itself create a private right of action, but that it does provide a bankruptcy court with statutory contempt powers in addition to whatever inherent contempt powers the court may have. Because these powers inherently include the ability to sanction a party, the court concluded that a bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction and order damages for the debtor if appropriate on the merits.
>
> . . .
>
> Walls suggests that § 105 may be used to create substantive rights in the Code, therefore a private right of action is appropriate because § 105 empowers the bankruptcy court to use "any" means necessary to advance the purpose of the Code. However, to create a new remedy would put us in the business of legislating.

276 F.3d at 506-07.

In deciding that Congress did not intend to create a private right of action under § 524 or under § 105, the Ninth Circuit observed:

> In the 1984 amendments, Congress added subsection (b) to § 362, expressly conferring on debtors the right to sue for damages for a willful violation of the automatic stay. Section 524 was amended on the same day, but no similar provision, providing a private right of action for violation of the discharge injunction, was added.

///

///

///

276 F.3d at 509. After another sentence, the court placed its footnote 3, which stated:

> This also bolsters our conclusion that § 105 does not allow for a private right of action to enforce § 524. If Congress had understood § 105 as permitting a private cause of action, the 1984 amendment creating one for violations of § 362 would have been superfluous.

Id.

Yet another reason presented by the Ninth Circuit for why implying a private right of action would be inappropriate was recognition that:

> Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction.

Id.

In light of Walls, it is clear that plaintiffs have no private right of action under either § 524 or § 105. So, rhetorically, the question is how do they get their concerns before the Court. The answer should be clear: Plaintiffs want this court to utilize the court's powers under § 105 to remedy an alleged violation of the discharge injunction. To do so, they need to ask the court to examine the circumstances. They cannot, however, simply sue defendants under the authority of the court's powers because they would thus be exercising a right of action they do not have, at least on a *de facto* basis.

The Court recognizes, however, that the water is somewhat muddied by language such as in Walls, where Walls had, in part, sued for contempt. There, the district court referred the "request for contempt to the bankruptcy court." 276 F.3d at 507. Or, in In re Dyer, 322 F.3d 1178, 1189 (9th Cir. 2003), where the court stated:

> Nonetheless, we have held that the Trustee may be entitled to recovery for violation of the automatic stay "under section 105(a) as a sanction for ordinary civil contempt."

The Dyer court referenced the Walls decision in stating that the trustee "is limited to the civil contempt remedy provided by § 105(a)." To the extent such language can be read to suggest a trustee does have a private right of action under § 105(a), it is diametrically contrary to Walls, which has not been reversed or vacated. Moreover, such a reading would be inconsistent with In re Bennett, 298 F.2d 1059, 1069 (9th Cir. 2002), where the court found it was not necessary to assert a counterclaim for § 105 sanctions because such sanctions are a part of the relief a court can grant independent of any formal demand in a party's pleadings.

///

///

///

///

///

///

Echoing the concerns of the Walls court, in In re Startec Global Comm'n Corp., 292 B.R. 246, 253-54 (Bankr. D.MD 2003), the court noted:

> Generally, enforcement of a court's order by contempt power is the sole province of the court that originated the order. . . .
>
> Just as modification or vacatur of an order must be sought from the originating court, . . . request for the enforcement must be addressed to the originating court. If parties could apply to another tribunal, or arbitrator, to determine whether an order of another court has been breached, or should be enforced, and by what means, an improper collateral attack on the order effectively would be permitted. . . . Therefore, this court, and this court only, has the power to enforce its own order and sanction violations by civil contempt.

## Conclusion

For all the foregoing reasons, Wells Fargo's motion to dismiss should be, and hereby is granted. Counsel for Wells Fargo shall prepare and lodge a proposed separate form of judgment of dismissal within twenty (20) days of the date of entry of this Order.

IT IS SO ORDERED.

DATED: JAN 30 2008

PETER W. BOWIE, Chief Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

In re Adversary No. 07-90221
Bankruptcy Case No. 06-01685-B7

**CERTIFICATE OF MAILING**

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

ORDER ON DEFENDANT'S
MOTION TO DISMISS

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

| Attorney for Plaintiffs: | Attorney for Defendant: |
|---|---|
| Kenneth Andrews, Esq.<br>Doan, Levinson & Liljegren, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008 | Rocio Herrera, Esq.<br>Adorno Yoss Alvarado & Smith<br>1 MacArthur Place, Suite 200<br>Santa Ana, CA 92707 |

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on January 30, 2008.

Barbara J. Kelly
Barbara J. Kelly, Judicial Assistant

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
08 MAR 12 PM 3:26
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**I (a) PLAINTIFFS**

**Adolfo & Enriquetta Barrientos**

**DEFENDANTS**

**Wells Fargo Bank, NA and Does 1 through 10 Inclusive**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Michael G Doan**
**Doan Law Firm, LLP**
**2850 Pio Pico Dr; Ste D1**
**(760)732-1490**

**ATTORNEYS (IF KNOWN)**

**'08 CV 463 J BLM**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 USC 158**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Eiectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 3/12/08 SIGNATURE OF ATTORNEY OF RECORD [signature]