FILED
09 MAY 20 AM 8:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO BARRIENTOS; MARIA ENRIQUETTA BARRIENTOS, <br><br>          Appellants,<br>   vs.<br>WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>          Appellee. | CASE NO. 08cv463 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Appeal from Bankruptcy Court (Doc. # 1).

## Background

On October 11, 2007, Appellants Adolfo and Maria Enriquetta Barrientos filed the "First Amended Adversary Proceeding for Violations of Discharge Injunction" ("complaint") (Doc. # 3-1, p. 5) in the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court"). The complaint alleges that on June 30, 2006, Appellants filed for bankruptcy protection. The complaint alleges that Appellee Wells Fargo Bank National Association was listed in Appellant's schedule as a creditor holding an unsecured claim for $82,687.00. The complaint alleges that on October 5, 2006, a discharge was granted, and that Appellants' debt to Appellee was discharged in the bankruptcy. The complaint alleges that after the discharge, Appellee no longer had the right to enforce its debt against Appellants, and that Appellee was aware that it no longer had the right to enforce its debt against Appellants.

1  The complaint alleges that post-discharge, credit reporting agencies continued to report that
2  Appellants still owed a balance to Appellee of $80,831.00 that was 30 days delinquent, and
3  that Appellee responded to inquiries by the credit reporting agencies that Appellants owed
4  $80,831.00 to Appellee, and that payment was 30 days delinquent.
5        The complaint alleges that Appellee's conduct violated the October 5, 2006 discharge
6  injunction.  The complaint alleges that Appellee "intentionally, deliberately, and willfully
7  violated 11 USC 524 and refuses to cease violations of 11 USC 524 by its employment of false
8  credit reporting process to coerce payment of a discharged debt in the amount of $80,831"
9  (Doc. # 3-1, p. 6).  The complaint alleges that "[t]his adversary is proper in that it seeks
10  injunctive, equitable, declaratory, and monetary relief," and that "[r]elief for violations of 11
11  U.S.C. 524 may be brought in Adversary Proceedings" (Doc. # 3-1, p. 6).  The complaint
12  alleges one cause of action for "violation of discharge injunction 11 USC 524" (Doc. # 3-1,
13  p. 12).  The complaint seeks (1) an injunction ordering Appellee to accurately report all
14  discharge debts to credit reporting agencies as $0.00 balance, (2) compensatory civil contempt
15  damages including attorney fees and incidental damages, (3) a coercive fine, and (4)
16  declaratory relief stating that Appellee's actions were an attempt to collect a discharged debt
17  in violation of 11 U.S.C. sections 105 and 524.
18        On October 27, 2007, Appellee filed a motion to dismiss for failure to state a claim
19  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 3-1, p. 20).  The
20  motion to dismiss asserted that the complaint alleges that "Wells Fargo violated the discharge
21  injunction by reporting delinquencies to credit reporting agencies after the bankruptcy
22  discharge" (Doc. # 3-1, p. 25).  The motion to dismiss asserted that "[f]or any violation of
23  discharge injunction, however, contempt proceedings have to be commenced by the court, and
24  not a lawsuit commenced by a private party for money damages" (Doc. # 3-1, p. 25) (internal
25  quotations omitted).  The motion to dismiss asserted that the "only claim against Wells Fargo
26  is for violation of discharge injunction under 11 USC § 524," which is "fatally flawed"
27  because "the law does not permit a private cause of action for violation of Section 524" (Doc.
28  # 3-1, p. 25) (internal quotations omitted).  On November 12, 2007, Appellants filed an

opposition to the motion to dismiss. Appellants opposed the motion to dismiss on grounds that "an attempt to collect a discharged debt is an act that is subject to Civil Contempt penalties under [the bankruptcy] Court's power granted to it by Congress under 11 USC 105;" that it was proper for Appellants to seek a remedy for violation of the discharge order by way of an adversary proceeding; and that the Bankruptcy Court therefore had jurisdiction to hear the action (Doc. # 3-1, p. 32-33). On November 19, 2007, Appellee filed a reply (Doc. # 3-3, p. 2).

On January 31, 2008, the Bankruptcy Court issued an order granting the motion to dismiss, and dismissing the case (Doc. # 3-3, p. 13). The Bankruptcy Court stated that the "sole question presented by the motion to dismiss is whether plaintiffs have some private right of action to sue for violation of the discharge injunction" (Doc. # 3-3, p. 14). The Bankruptcy Court held that Appellants "have no private right of action either under § 524 or § 105" (Doc. # 3-3, p. 16). The Bankruptcy Court stated:

> So, rhetorically, the question is how do they get their concerns before the Court. The answer should be clear: Plaintiffs want this court to utilize the court's powers under § 105 to remedy an alleged violation of the discharge injunction. To do so, they need to ask the court to examine the circumstances. They cannot, however, simply sue defendants under the authority of the court's powers because they would thus be exercising a right of action they do not have, at least on a de facto basis.

(Doc. # 3-3, p. 16). Based on the finding that Appellants have no private right of action under either section 524 or section 105, the Bankruptcy Court granted the motion to dismiss and dismissed the complaint.

On March 12, 2008, Appellants filed the Notice of Appeal from Bankruptcy Court ("Appeal"). On February 19, 2009, Appellants filed their opening brief (Doc. # 4). On March 19, 2009, Appellee filed its brief (Doc. # 7). On April 6, 2009, Appellants filed their reply brief (Doc. # 8). On May 4, 2009, the Court heard oral argument (Doc. # 10).

## Standard of Review

A district court stands in the same position as the Ninth Circuit in reviewing the decision of a bankruptcy court. *In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999). The court reviews the bankruptcy court's legal conclusions de novo and findings of fact for clear

error. *In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

## Analysis

Appellants framed the issue on appeal as follows: "May a proceeding for a discharge violation under 11 USC 524 be brought by way of Adversary Proceeding?" *Appellants' Brief*, p. 1. Appellants contend that they "never asserted any 'private rights' in the adversary proceeding, but instead were simply using the Adversary Proceeding as a vehicle to pursue their contempt remedies." *Id.* at 4. Appellants contend that they "have always maintained that they were not pursuing a private right of action, but only contempt relief under 11 USC 105." *Id.* at 3. Appellants contend that "the Ninth Circuit has never ruled that a contempt under 105 may not be brought by way of Adversary Proceedings." *Id.* at 5. Appellants contend that Rule 7001 of the Federal Rules of Bankruptcy Procedure provides further support for their assertion that they may use an adversary proceeding as a vehicle to pursue contempt remedies because Rule 7001(7) requires an adversary proceeding for actions seeking injunctive relief, and the complaint seeks "compensatory civil contempt damages and injunctive relief." *Id.* at 5-6. Appellants state: "Appellee attempts to focus on form over substance. In so doing, it argues that Appellants are using the wrong procedural whip and requests that the 'order to show cause' whip be used instead. Ironically, the whip Appellee requests provides less protection

to Appellee." *Reply*, p. 4.

Appellee contends that the bankruptcy court "properly found that Appellants did not have a private right of action under either Section 524 or 11 U.S.C. § 105 [] for violation of the discharge injunction." *Opposition*, p. 6. Appellee contends that the only remedy available for a violation of 11 U.S.C. section 524 is a contempt proceeding. Appellee contends that a bankruptcy court is authorized by 11 U.S.C. section 105 to "enforce the discharge injunction and order damages for the debtor if appropriate on the merits." *Id.* at 7. Appellee contends that Appellants improperly attempt to characterize the underlying "Adversary Action solely as a contempt proceeding." *Id.* at 8. Appellee contends that "contrary to Appellants' argument, [Rule 7001] does not mandate that injunctive relief for alleged Section 524 violations are to be brought by adversary proceeding, because such relief (injunctive relief) is not available to Appellants. Any proceeding for violation of Section 524 must be brought by requesting contempt proceedings." *Id.* at 15.

11 U.S.C. section 524 provides that a discharge under this title "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

11 U.S.C. section 105 provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

There "is no private right of action under § 524." *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002). Additionally, "§ 105 does not allow for a private right of action to enforce § 524." *Id.* In so holding, *Walls* stated that the "Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105." *Id.* at 510. *Walls* reasoned that "[i]mplying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent

with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction." *Id.* at 509.

In *Cady v. SR Financial Services,* 385 B.R. 756 (S.D. Cal. 2008), the bankruptcy court granted a motion to dismiss a complaint which was "styled 'Adversary Proceeding for Violations of Discharge Injunction,' and cites to 11 U.S.C. §§ 105, 524." *Id.* The court stated: "At the center is debtor's implicit assertion that section 524 and/or section 105 gave her a private right of action to enforce the discharge injunction of § 524 or the court's contempt powers under § 105." *Id.* at 757. The court stated that the "Ninth Circuit Court of Appeals has determined that no such private right of action exists under either statute." *Id.* (citing *Walls,* 276 F. 3d 502). The court stated:

> In light of *Walls,* it is clear that debtor has no private right of action under either § 524 or § 105. So, rhetorically, the question is how does [debtor] get her concerns before the Court. The answer should be clear: Debtor wants this court to utilize the court's powers under § 105 to remedy an alleged violation of the discharge injunction. To do so, she needs to ask the court to examine the circumstances. She cannot, however, simply sue defendants under the authority of the court's powers because she would thus be exercising a right of action she does not have, at least on a *de facto* basis.

*Id.* at 757-758. Similarly, in *Moi v. Asset Acceptance LLC,* 381 B.R. 770 (S.D. Cal. 2008), the bankruptcy court granted a motion to dismiss a claim in the debtors' first amended complaint captioned "Contempt of Court 11 USC 105" on grounds that the claim may not be brought as an "adversary proceeding." *Id.* The court stated:

> Because the powers of § 105 are reserved to the court, and do not grant a private right of action to a party in interest, such as the plaintiffs here, the defendant's motion to dismiss plaintiff's [claim for Contempt of Court 11 USC 105] is granted. The appropriate course of action for plaintiffs, if they believe defendant has engaged in conduct which would invoke the Court's contempt powers is to apply to the Court or an Order to Show Cause re Contempt. This is more than form over substance, because allowing plaintiffs to proceed in their complaint against defendant for contempt would be according them a *de facto* private right of action, precisely contrary to the controlling authority in this Circuit.

*Id.* at 773.

Appellants in this case initiated an adversary proceeding to pursue a contempt remedy for violation of 11 U.S.C. 524 by filing the complaint captioned "Adversary Proceeding for Violations of Discharge Injunction." However, it is not proper for Appellants to seek relief

for violation of the discharge injunction by initiating a private right of action. *Walls*, 276 F.3d at 507. Permitting Appellants to enforce the discharge injunction by adversary proceeding has the potential to put enforcement of the discharge injunction in the hands of a court, such as this Court, that did not issue the discharge injunction, "which would undermine Congress's deliberate decision to place supervision of discharge in the bankruptcy court." *Id.* at 509. The relief requested in the complaint is also broader than the authority granted to the bankruptcy court under section 105 to take appropriate action to enforce its orders. Specifically, Appellants request injunctive relief "ordering Wells Fargo to accurately report all discharged debts in the Southern District of California for which it has notice of discharge as $0.00 balance, and no longer delinquent." (Doc. 3-1, p. 14). The injunctive relief requested by Appellants - that the Bankruptcy Court order Appellee to accurately report "all discharged debts in the Southern District of California" - extends beyond the discharge injunction in the above-captioned action. The Court concludes that the Appellants improperly sought a contempt remedy for Appellee's alleged violation of 11 U.S.C. section 524 by way of an adversary proceeding. This Court's conclusion is more than form over substance. Allowing Appellants to seek enforcement of the discharge injunction by way of an adversary proceeding may expose Appellee to damages unavailable under the bankruptcy court's section 105 contempt powers; may put enforcement of the discharge injunction in the hands of a court other than the bankruptcy court that issued the discharge injunction; and would essentially create a private right of action to enforce the discharge injunction in contradiction of established law holding that no private right of action exists to enforce 11 U.S.C. section 524. The Court notes that Appellants are not left without a remedy. Appellants may request that the bankruptcy court who issued the discharge injunction exercise its section 105 contempt powers to enforce compliance with the discharge injunction. The Court concludes that the bankruptcy court properly dismissed the complaint on grounds that Appellants may not sue Appellee for

violating the discharge injunction by adversary proceeding.[1]

## Conclusion

IT IS HEREBY ORDERED that the Bankruptcy Court's order dismissing Appellants' First Amended Adversary Proceeding for violation of discharge injunction is **AFFIRMED**. The Clerk of the Court shall enter Judgment in favor of Appellee and against Appellants.

Dated: 5/19/09

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

---

[1] The cases relied on by Appellants do not approve or disapprove of enforcing a section 524 discharge injunction by way of an adversary proceeding. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002), held that the that the bankruptcy court erred in determining that attorney's fees were legally unavailable to the bankruptcy appellant because the "bankruptcy court clearly had discretion to impose [attorney's fees as] sanctions under section 105(a)," yet did not consider the appellant's entitlement to attorney fees as a sanction under section 105(a). The court remanded the case to the bankruptcy court for consideration of whether the appellant was entitled to attorney's fees under section 105. *Id.* *In re Dyer*, 322 F.3d 1178 (9th Cir. 2003), affirmed the bankruptcy court's issuance of sanctions under section 105 for violation of an automatic stay, and remanded the issue for calculation. The Ninth Circuit stated that the appellant "urged the bankruptcy court to find that [defendant's] automatic stay violation was willful, entitling the [plaintiff], under the sanctioning authority of § 105(a), to damages and attorney' fees;" but did not indicate whether appellant requested sanctions by way of an adversary proceeding. *Id.* *Bennett* and *Dyer* reiterate that a party may be entitled to sanctions under section 105(a) for violation of a bankruptcy court's orders, but do not address the proper vehicle for requesting sanctions under section 105(a) or indicate that section 524 may be enforced by way of an adversary proceeding.